ROBINSON, CLERK, v. HAMILTON.

1. **Constitutional Law:** STATE BOARD OF HEALTH: DUTIES IMPOSED UPON PHYSICIANS. Section 5, Chapter 151, Laws of 1880 (McClain's Statutes, 452; Miller's Code, 421), requiring physicians and midwives to report to the clerk of the courts, within 30 days after their occurrence, all births and deaths which may come under their supervision, is not in conflict with the Constitution of the United States and of this State, nor can the penalty therein provided for failue to perform such duty be avoided on the ground that the requirements of said statute are unjust and oppressive and impossible of performance.

*Appeal from Mills District Court.*

FRIDAY, DECEMBER 8.

ACTION at law to recover a statute penalty. A demurrer to the petition was sustained, and judgment was rendered therein for defendant. Plaintiff appeals.

*Watkins & Williams*, for appellant.

No appearance for appellee.

BECK, J.—I. The petition is in ten counts, and claims to recover ten dollars upon each count as a penalty for the failure of defendant, who is a physician, to render a report of a death or birth specified in the count, as requested by the State Board of Health, under the provision of Chapter 151, Acts of the Eighteenth General Assembly (McClain's Statutes, page 452, Miller's Code, page 421). The petition shows that defendant was required by the regulation of the Board of Health to report in each case of death referred to, the sex, nationality, place of birth, period of residence in this State, and the place and date of burial of the decedent, and the complications connected with the cause of death, and to report in each case of birth "the number of the child of the mother," the nationality, place of birth, and age of each parent, the

maiden name of the mother and her place of residence. It is also alleged in the petition that defendant was furnished with the blanks, prescribed by the State Board of Health for his reports as required by law, and that he "knowingly and willfully failed and refused to make his report in each case for more than twenty days." The demurrer to the petition was sustained upon the ground that the statute, so far as it authorizes the Board of Health and the plaintiff to require the defendant to report the information demanded of him, is in conflict with the Constitution of the United States and of this State, and is unjust and oppressive, and contains requirements which were impossible for defendant to perform.

We have not been favored with an argument on behalf of the defendant, and are, therefore, not informed of the grounds upon which the statute in question was assailed in the court below and is claimed to be unconstitutional. It cannot be expected that we shall consider arguments of which we have not heard, or that we will imagine objections and discuss them. Our consideration of the case will, therefore, be brief. It is proper to remark that, under the statute brought in question, the defendant may be required to report the information sought in the manner prescribed by the Board of Health.

II. The statute requires the collection of statistics pertaining to the population of the State and the health of the people, which may impart information useful in the enactment of laws, and valuable to science and the medical profession, to whom the people look for remedies for disease and for means tending to preserve health. The objects of the statute are within the authority of the State and may be attained in the exercise of its police power. Similar objects are contemplated by statutes requiring a census to be periodically taken, the constitutionality of which we have never heard questioned.

III. We need not inquire whether the provisions of the

statute are unjust and oppressive. These are matters for the consideration of the legislative department of the government. We may observe that it is difficult to discover oppression or injustice in requiring the medical profession to make known to the world statistics which may promote, and are promoting, the public health.

IV. One ground of the demurrer is that defendant, under the statute, is required to do that which is impossible for him to perform. The law requires of no man impossibilities. If the information sought from defendant could not have been obtained by him in the *bona fide* exercise of reasonable diligence, the law will not punish him for not imparting it. A physician should honestly endeavor to obtain and report all information required by the regulations of the statute and the Board of Health. This is his duty as a surgeon, and is imposed as an obligation by the ethics of the useful and honorable profession of which he is a member.

In our opinion the demurrer to the plaintiff's petition was erroneously sustained.

REVERSED.