CASE 32—INDICTMENT AGAINST DR. J. D. McCONNELL FOR FAILING TO KEEP A REGISTRY OF BIRTHS AND DEATHS AT WHICH HE HAS PROFESSIONALLY ATTENDED.—OCT. 2.

## Commonwealth v. McConnell.

APPEAL FROM CRITTENDEN CIRCUIT COURT.

DEMURRER TO INDICTMENT SUSTAINED AND COMMONWEALTH APPEALS. AFFIRMED.

BIRTHS AND DEATHS—REGISTRY—DUTY OF PHYSICIANS—TITLE OF STATUTE—SUFFICIENCY OF INDICTMENT.

Held: 1. The title of an act, "An act to provide for the registration of marriages, births and death" (Acts 1873-74, p. 13, chap. 134), is sufficient to authorize the provision in the act requiring physicians to keep a registry of births and deaths at which they have professionally attended, and to deposit a copy in the county clerk's office.

2. Acts 1873-74, p. 13, chap. 134, is not unconstitutional because requiring physicians, without compensation, to keep a registry of births and deaths at which they have attended professionally, and to deposit a copy in the county clerk's office; this being within the police power.

3. An indictment against a physician under Acts 1873-74, p. 13,

chap. 134, for failure to keep a registry of births and deaths at which he has attended professionally, and to deposit a copy in the county clerk's office, is defective in not charging that he ever attended at any birth or death.

4. The allegation of an indictment under Acts 1873-74, p. 13, chap. 134, requiring physicians to keep a registry of births and deaths at which they have attended professionally, that defendant "is a physician," speaks from the time of the indictment, and is not a sufficient allegation that he was a physician during the year then ended, for which it was charged he failed to do his duty.

C. J. PRATT, ATTORNEY GENERAL, AND McKENZIE TODD, FOR APPELLANT.

The indictment in this case charges appellee with failing to deposit in the county clerk's office of Crittenden county, on or before the 10th day of January, 1902, a registry or copy thereof of the births of persons and deaths of persons at which he professionally attended in Crittenden county, Kentucky, embracing a period of one year on the 31st day of December.

The indictment further alleges that appellee is a regular practicing physician, being registered in the county clerk's office as such and having a certificate of authority to practice medicine from the State Board of Health of the State of Kentucky.

We contend that it was not necessary for the indictment to aver that the appellee attended professionally births or deaths upon which he was required to make the report; nor was it necessary to allege that he was the only physician present; if he attended such cases, it was his duty by reason of that fact to make said report.

It was not necessary to show in the indictment that appellee was furnished the necessary blanks by appellant to make said reports. The only material and necessary allegations in an indictment of this offense, are alleged in conformity to sections 2582 and 2583 of the Kentucky Statutes.

The gist of the action is the failure to make the report as required by sections 2582 and 2583 of the Kentucky Statutes. Section 2589 provides that "Any person failing to discharge and perform any of the acts or duties herein imposed and required to be done, shall, for every such failure, be fined in a sum not less than five nor more than twenty dollars, to be recovered by warrant before a justice of the peace or by presentment by the grand jury."

The acts and duties of a physician under this chapter is to make the report and file with the county clerk on or before the 10th day of January in each year.

Commonwealth v. McConnell.

JAMES & JAMES AND A. C. MOORE, FOR APPELLEE.

(1) The indictment nowhere alleges that appellee ever, at any time, attended at any births or deaths in Crittenden county, or (2) that he was the oldest physician present or the only one present, or (3) it does not allege that the State Auditor ever caused to be printed any blanks for the use of physicians, or that the county clerk ever had or furnished the appellee such blanks on which to make the reports named.

Hence, we take it that appellant is estopped to complain that appellee has failed to perform a duty which appellant imposes to be done upon blanks and appliances to be furnished by appellant.

### AUTHORITIES CITED.

Criminal Code, sec. 124, subsecs. 1, 2, 3 and 4; Ky. Stats., secs. 2581, 2583 and 2585; 9 Bush, 178 to 181.

GORDON, GORDON & COX, FOR APPELLEE.

We question the validity of the action on constitutional grounds.

The title of the act does not suggest the status of the persons who are to compile the registry; it does not mention the words physicians or midwives in the title, nor does the title contain any intimation of a penalty; and taken in connection with the place of its occurrence or location in the Kentucky Statutes under the head of Marriages, Births and Deaths, &c., it is positively misleading.

2. The act requires the performance of a public service by a private citizen without providing for compensation for such service.

3. The indictment does not charge that the defendant professionally attended on births or deaths. Davis v. Commonwealth, 13 Bush, 318.

OPINION OF THE COURT BY JUDGE BARKER—AFFIRMING.

The following indictment was returned against the appellee by the grand jurors of the county of Crittenden on the 1st day of April, 1902: "The grand jurors of the county of Crittenden, in the name and by the authority of the Commonwealth of Kentucky, accuse Dr. J. D. McConnell of the offense of failing to deposit in the county clerk's office of Crittenden county, Kentucky, a registry or copy thereof

of the births and deaths he professionally attended in such county, committed in manner and form as follows, viz.: The said McConnell, in the said county of Crittenden, on the 1st day of March, 1902, and before the finding of this indictment, did fail to deposit in the county clerk's office of Crittenden county, Kentucky, on or before the 10th day of January, 1902, a registry or copy thereof of the births of persons and deaths of persons at which he professionally attended in Crittenden county, Kentucky, embracing a period of one year, ending on the 31st day of December, 1901. The grand jury further find that Dr. J. D. McConnell is a regular practicing physician, he having exhibited and registered in the county clerk's office of Crittenden county, Kentucky, a certificate of authority to practice medicine from the State Board of Health of the State of Kentucky, against the peace and dignity of the Commonwealth of Kentucky." This indictment is based upon the following provisions of the statute (being sections 2582 and 2583, c. 83, of the Kentucky Statutes of 1899):

"Sec. 2582. It shall be the duty of all physicians, surgeons and midwives to keep a registry of all births and deaths at which they have professionally attended, showing, in cases of birth, the time and place of birth, name of the father, and the maiden name of the mother, and their residence, sex and color of the child, together with its name, if it shall receive one, and whether it was born alive or dead; and showing in cases of death, the time, place and cause of death, the name, age, sex, color and condition (whether single, married or widowed), name and surname of parents, occupation, residence and place of birth of the deceased: provided further, that when two or more physicians, surgeons or midwives may have attended profession-

ally at any birth or death, that physician, surgeon or mid-wife who is oldest in attendance shall make the registry.

"Sec. 2583. It shall be the duty of the clergymen, physicians, etc., above named, to deposit in the county clerk's office of the counties in which such births, etc., occur, on or before the tenth day of January, in every year, the said registry, or a copy thereof, embracing the period of one year, ending on the thirty-first day of December last preceding the time of deposit; and the clerk shall deliver copies of the same to the assessor."

A general demurrer was filed to this indictment, which the court sustained, and dismissed it. From this judgment the Commonwealth has appealed.

Counsel for appellee insist that the act upon which the indictment is predicated is unconstitutional, because the subject-matter is not indicated by its title. To this proposition we are unable to agree. The original act is to be found in volume 1 of the Acts of the General Assembly of the Commonwealth of Kentucky for 1873-74, p. 13, c. 134, its title being "An, act to provide for the registration of marriages, births and deaths." The subject-matter of the act is the registry of marriages, births and deaths, and is clearly germane to the title. The fact that there is no mention of physicians in the title does not militate against this view. It is not possible to put the entire body of the act in the title. The constitutional requirement is fully met and complied with if the general scope and purpose of the act is germane to its title; and we think this condition exists in the statute under consideration.

It is also urged by appellee's counsel that the act is unconstitutional because it requires physicians to perform a service without compensation, and that the Legislature had no power so to do. The public is deeply interested in the

subject of the proper registry of marriages, births and deaths, and we have no doubt that under the police power of the Commonwealth the Legislature has authority to require of the professional parties in charge of the performance of the duty of returning to the county clerk's office proper certificates in relation thereto. There are, however, objections raised by appellee to the indictment which we think are substantial: First. It is nowhere charged that the appellee ever attended as physician at any birth or death. It is alleged that he failed to return to the county clerk's office, on or before the day required by the statute, the registry or copy thereof which the law requires every physician to make; but there is an utter failure to charge upon appellee that he had attended professionally at any such birth or death. Second. It is not alleged in the indictment that appellee was a practicing physician during the yearly period for which he should have kept and returned the registry required by the statute. The year for which it is charged the registry should have been kept and deposited extended from the 31st day of December, 1900, to the 31st day of December, 1901. The indictment charged that "the grand jury further find that Dr. J. D. McConnell is a regular practicing physician, he having exhibited and registered in the county clerk's office of Crittenden county, Kentucky, a certificate of authority to practice medicine from the State Board of Health of the State of Kentucky." This allegation, that appellee "is a regular practicing physician," being in the present tense, speaks from the time the indictment was returned, which was on the 1st day of April, 1902. It may be true that appellee was a regular practicing physician on the 1st day of April, 1902, but it does not therefore follow that he was a practicing physician during the

year between the 31st day of December, 1900, and the 31st day of December, 1901.

For these reasons, we think the indictment was clearly defective, and the demurrer thereto was properly sustained; wherefore the judgment is affirmed.