[No. 21534. Department Two. December 13, 1928.]

In the Matter of the Registration of the Births of
JESSE E. SEUNG et al.

JOHN SEUNG, Appellant, v. C. MIKKELSON, Respondent.[1]

*Hartge & Cadwallader,* for appellant.

*Ewing D. Colvin* and *Arthur M. Hare,* for respondent.

MAIN, J.—By this proceeding the petitioner sought a writ of mandamus to compel the assistant registrar of vital statistics of King county to file certificates of birth of two of the petitioner's minor children. The cause was tried to the court, without a jury, and re-

[1] Reported in 272 Pac. 968.

sulted in findings of fact from which the court drew the conclusion that the assistant registrar of vital statistics had no authority or duty to accept and file the certificates, because they were not presented within a period of ten days after the dates, respectively, of the births of the two children. Judgment was entered, dismissing the proceeding, from which the petitioner appeals.

The facts are not in dispute and, as found by the trial court, may be summarized as follows: The appellant is now seventy-five years of age and resides at 1508 East Jefferson street, Seattle. His wife, the mother of the children hereinafter referred to, is now dead. The appellant is a member of the Chinese race, and has resided in King county, this state, for thirty-one years last past, during which time there were born to him and his wife five children.

The births of three of the children were registered in the bureau of vital statistics of this state. The other two have not been registered. They are Jesse E. Seung and Harry Seung. At the time these children were born, no physician was present, no midwife was present, and through ignorance of the law requiring certificates of birth to be filed within ten days after the date of births, there was no record made of these. Jesse E. Seung was born in Seattle, King county, this state, at 711 Seventeenth avenue, July 8, 1907, and Harry E. Seung at the same place August 31, 1910.

On or about July 21, 1927, the appellant had prepared and presented to C. Mikkelson, the assistant state registrar of vital statistics of King county, two birth certificates, signed by him, as provided by statute when no physician or midwife is in attendance at the birth of a child, covering the births of Jesse E. Seung and Harry Seung, with the request that the same be filed. This request was refused, and there-

after the present proceeding was instituted for the purpose above stated.

■ The question is whether there is any duty imposed by law on the registrar of vital statistics to receive and file a certificate of birth more than ten days after the birth of the child. This requires a consideration of the applicable provisions of the vital statistics law of this state. Section 6028, Rem. Comp. Stat., provides that all births that occur in the state shall be immediately registered in the districts in which they occur, "as hereinafter provided". Section 6029 is as follows:

"It shall be the duty of the attending physician or midwife to file a certificate of birth, properly and completely filled out, giving all of the particulars required by this act, with the local registrar of the district in which the birth occurred, within ten days after the date of birth. And if there be no attending physician or midwife, then it shall be the duty of the father or mother of the child, householder or owner of the premises, manager or superintendent of public or private institution in which the birth occurred, to notify the local registrar, within ten days after the birth, of the fact of such a birth having occurred. It shall then, in such case, be the duty of the local registrar to secure the necessary information and signature to make a proper certificate of birth."

It will be observed that by this section it is the duty of the attending physician or midwife to file a certificate of birth with the local registrar of the district in which the birth occurred "within ten days after the date of birth". If there be no attending physician or midwife, then it is made the duty of the father or mother of the child to notify the local registrar of the fact of such a birth having occurred "within ten days after the birth." It is then made the duty of the local registrar to secure the necessary information and signature to make a proper certificate of birth.

The question, more precisely stated, is whether under this statute it is the duty of the registrar of vital statistics to file the certificate more than ten days after the birth, when the registrar was not notified of the fact of birth within ten days.

The primary purpose of the statute is to make a record of births. There is nothing in the statute that would appear to make time the essence of the thing to be done. The statute contains no negative words and does not indicate that the time mentioned was intended as a limitation of power, authority or right.

The vital statistics statutes are passed in the exercise of the police power and should be given a liberal construction. *Robinson v. Hamilton,* 60 Iowa 134, 14 N. W. 202; *Commonwealth v. McConnell,* 116 Ky. 358, 76 S. W. 41; *State ex rel. McBride v. Superior Court,* 103 Wash. 409, 174 Pac. 973. The purpose of statutes of this kind is well pointed out in *State v. Norvell,* 137 Tenn. 82, 191 S. W. 536, where it is said:

''The provisions of the statute with reference to the registration of births, which are 'not drawn in question on this appeal, will obviously be most useful.

''A permanent record of the births and parentage of all persons born in the state will be of great service in the administration of estates and in fixing the devolution of property. Such matters are often questions of doubt in important litigation. The statute makes certified copies of these records prima facie evidence.

''The records of births likewise will prove of much value in the enforcement of the laws against child labor. They will make fraud and deception on the part of parents and employers impossible.

''We might mention other beneficent offices of the statute, but sufficient has been said to demonstrate that the act is a wholesome exercise of the police power of the state. It tends to promote the health, safety, and happiness of our citizens, and will aid in the enforcement of other laws.''

The rule is that the provisions of statutes regulating duties of public officers and specifying the time for their performance are in that respect generally regarded as directory and not mandatory, unless the nature of the act to be performed or the phraseology of the statute is such that the designation of time must be considered as a limitation of power. Lewis Sutherland Statutory Construction, vol. 2 (2d ed.), § 612, is as follows:

"Provisions regulating the duties of public officers and specifying the time for their performance are in that regard generally directory. Though a statute directs a thing to be done at a particular time, it does not necessarily follow that it may not be done afterwards. In other words, as the cases universally hold, a statute specifying a time within which a public officer is to perform an official act regarding the rights and duties of others is directory, unless the nature of the act to be performed, or the phraseology of the statute, is such that the designation of time must be considered as a limitation of the power of the officer."

As already pointed out, there is nothing in the nature of the act to be performed, or in the language of the statute, which would indicate that it was the legislative intent that the mention of ten days within which the certificate should be prepared and filed was a limitation of power. Support is given to this view by § 6038 of the code, which makes every person whose duty it is to file a certificate of birth guilty of a misdemeanor for failure to perform that duty. The purpose of the penal provision was to add assurance that the certificates would be filed within the time mentioned.

We are satisfied that the registrar of vital statistics has the power, and there is a duty, to file the certificate after the ten days limitation, when the officer is satisfied that the certificate is correct and authentic.

294

In the present case there is no question but what Jesse E. Seung and Harry Seung were each born at the time and place above stated. It being the duty of the assistant registrar of vital statistics to receive and file the certificates of birth, mandamus was the proper remedy. *Hodgeman v. Olsen,* 86 Wash. 615, 150 Pac. 1122, L. R. A. 1916A 739.

The judgment will be reversed and the cause remanded with direction to the superior court to issue the writ.

FULLERTON, C. J., PARKER, and FRENCH, JJ., concur.

[1]Reported in 272 Pac. 731.